UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FOUNDATION RESOLUTION CORP.,

    Plaintiff,

v.                                                          Case No: 5:18-cv-458-Oc-30PRL

AON HEWITT INVESTMENT
CONSULTING, INC. and ALIGHT
SOLUTIONS, LLC,

    Defendants.

## ORDER

**THIS CAUSE** came on for consideration on the Report and Recommendation submitted by Magistrate Judge Philip R. Lammens (Doc. 47). Defendants Aon Hewitt Investment Consulting, Inc. ("Aon Investing" or "HEK") and Alight Solutions, LLC ("Aon Consulting" or "Hewitt") raised the following objections:

1. The magistrate judge erred in concluding that Plaintiff Foundation Resolution Corp.'s ("FRC") pension committee (the "Committee") were functionally the same entity and that the Committee was FRC's agent as the ERISA plan sponsor;

2. The magistrate judge erred in concluding that investment losses were not barred by the provisions of the Master Consulting Agreement ("MCA") as a consequential damage;

3. The magistrate judge misapplied or declined to apply Illinois law regarding the economic loss doctrine when concluding FRC's professional negligence claim should not be dismissed;

4. The magistrate judge erred by applying the wrong standard when ruling FRC properly pleaded that Aon Investing and Aon Consulting were ERISA fiduciaries;

5. The magistrate judge erred by concluding FRC pleaded in its Complaint that the Committee acted as FRC's agent;

6. The magistrate judge erred by concluding FRC pleaded in its Complaint that the ERISA plan suffered a loss; and

7. The magistrate judge erred by concluding FRC pleaded in the Complaint that both Defendants provided investment advisory services.

The Court concludes all the objections are due to be overruled because they either misconstrue the magistrate judge's rulings and findings, or they are contrary to the law.[1] And many of Defendant's arguments are more appropriate for summary judgment than a motion to dismiss since they depend on disputed facts and interpretations of evidence.

After careful consideration of the Report and Recommendation of the Magistrate Judge in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

---

[1] That said, two points merit comment. First, while the Court agrees with the magistrate judge that FRC is a fiduciary with standing to bring the ERISA claims based on its reservation over the operation and administration of the Plan with respect to investments, it seems that it would have been simpler if both FRC and the Committee were named as Plaintiffs for those claims.

Second, the Court concludes the magistrate judge's Report and Recommendation contains a scrivener's error on page 12. The magistrate judge stated that the Complaint alleges Aon's breach of fiduciary duty "reduced the plan's liabilities by over $25 million…." (Doc. 47, p. 12 (citing Doc. 1, ¶¶ 4, 8)). The Court, though, construes those paragraphs of the Complaint to allege that Aon's breach of fiduciary duty *failed to* reduce the plan's liabilities by $25 million. The Court points this out merely as a clarification in the event either party intends to rely on that portion of the Report and Recommendation in the future.

**ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED**:

1. The Report and Recommendation (Doc. 47) of the magistrate judge is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Defendants' Motion to Dismiss Complaint (Doc. 22) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of May, 2019.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record