UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| FOUNDATION RESOLUTION CORP., f/k/a Citrus Memorial Health Foundation, Inc., and FOUNDATION RESOLUTION CORP. PENSION COMMITTEE, as an administrator of the Citrus Memorial Health Foundation, Inc. Pension Plan,<br><br>        Plaintiffs,<br>v.<br><br>AON HEWITT INVESTMENT CONSULTING, INC., f/k/a Hewitt EnnisKnupp, Inc. and ALIGHT SOLUTIONS LLC, f/k/a Hewitt Associates LLC,<br><br>        Defendants. | Case No.: 5:18-cv-458-Oc-30PRL |

**PLAINTIFFS' OPPOSITION TO NOTICE OF JOINDER OF ALIGHT SOLUTIONS LLC IN AON HEWITT INVESTMENT CONSULTING, INC.'S MOTIONS (Doc. 147)**

Over three weeks into Plaintiffs' time to respond to Alight Solutions LLC's ("Alight's") motion for summary judgment, Alight has filed a purported "Notice of Joinder" (Doc. 147) that drastically expands its motion for summary judgment by purporting to incorporate by reference into its motion dozens of pages of argument and over 100 exhibits and declarations from a motion for summary judgment filed by a different defendant. Notwithstanding the magnitude of Alight's belated effort to double the size of its summary judgment argument, Alight has not conferred on or requested leave of Court for such relief, instead styling it as a "Notice of Joinder" in an apparent effort to avoid an adverse ruling by this Court. Nevertheless, should this Court construe Alight's "notice" as a motion, it should deny Alight's request for failing to follow basic procedural requirements, violating the Middle District of Florida's Local Rules and the Court's order establishing page limitations, thereby

prejudicing Plaintiffs who have nearly completed their response to Alight's original motion for summary judgment, and injecting confusion into this already complex case. Plaintiffs therefore request that the Court reject and deny Alight's "Notice of Joinder."

## I. Background

The deadline to file dispositive and *Daubert* motions in this case was November 30, 2020. (Doc. 105). Two weeks before the deadline, on November 13, 2020, Alight filed a motion to exceed the 25-page limit for its summary judgment motion by ten pages. (Doc. 107). In seeking leave, Alight represented that it required 35 pages "***in order to fully present all of the relevant facts and legal arguments necessary for the Court to rule on summary judgment***." (*Id.* ¶ 2 (emphasis added)). The Court granted the motion, giving Alight leave to file a motion for summary judgment "not [to] exceed 35 pages." (Doc. 108).

On November 30, 2020, Alight filed a motion for summary judgment just over 34 pages in length. (Doc. 120). Aon Hewitt Investment Consulting, Inc. ("AHIC")—the other defendant in this case, represented by separate counsel—also filed a motion for summary judgment that spanned 35 pages and cited to seven declarations and 125 exhibits. (Doc. 122, *see also* Docs. 123–129).

Notwithstanding Alight's representation that it could "fully present all of the relevant facts and legal arguments" in 35 pages, Alight initially attempted to "incorporate by reference" into its motion for summary judgment certain of AHIC's "facts and arguments." (Doc. 120 at 5 n.5). Alight further purported to incorporate by reference other "discussions" from AHIC's motion for summary judgment. (*See id.* at 28 ("As further described and discussed in AHIC's

summary judgment memorandum . . ."); *id.* at 33 ("Alight denies Plaintiffs' claims as discussed above and more fully discussed in AHIC's motion for summary judgment.")).

Apparently realizing its prior attempt to incorporate arguments was insufficient, on December 23, 2020—over three weeks after the deadline to file dispositive motions—Alight filed a "notice" styled as "Defendant Alight Solutions LLC's Notice of Joinder in Aon Hewitt Investment Consulting, Inc.'s Motions." (Doc. 147). The "Notice of Joinder" purports to "join[]" at least 24 pages of argument from AHIC's motion for summary judgment and "incorporate[]" them into Alight's motion—ballooning Alight's response to at least 58 pages with over 100 new exhibits and declarations.[1] (*Id.* ¶ 3).

The "Notice of Joinder" does not seek leave of the Court to exceed Alight's 35-page limit or to "join" a motion for summary judgment over three weeks after the deadline had passed. Alight also did not confer with Plaintiffs for its request to "join" AHIC's motions pursuant to Local Rule 3.01(g) notwithstanding that Alight captioned the "notice" as a "Case Dispositive Motion." (*See* Doc. 147 at 1 (case caption)). Finally, the "Notice of Joinder" does not include a memorandum of law required under Local Rule 3.01(a) specifying any rule that permits Alight to belatedly join or wholesale incorporate large sections of another party's motion.

Incorporating arguments in this manner is prohibited and particularly prejudices Plaintiffs. Alight filed its "Notice of Joinder" over three weeks into Plaintiffs' time to respond to Alight's motion for summary judgment. Plaintiffs are now nearly finished with their

---

[1] In addition to incorporating certain arguments from AHIC's motion, as noted in Alight's motion for summary judgment, Alight also purports to incorporate certain "facts" from AHIC's motion, which would further lengthen Alight's motion by an indeterminate number of additional pages. (Doc. 120 at 5 n.5).

response, which is presently due on January 6, 2021. (Doc. 143). Notwithstanding Plaintiffs' earnest effort to respond to Alight's original motion for summary judgment in the page limits afforded to Plaintiffs, (Doc. 110), Plaintiffs are now uncertain as to the true scope of Alight's motion and are without adequate time or space to sufficiently respond to a host of new arguments incorporated by Alight.

As set forth below, the Court should reject Alight's "Notice of Joinder" which would belatedly add dozens of pages more than its limit. Whether styled as a "Notice" or a "Case Dispositive Motion"—Alight should not be permitted to assert additional arguments at this late stage.

## II.  Argument

Alight's "Notice of Joinder," which purports to incorporate arguments of a different defendant is prohibited and violates this district's strict page limit requirements. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012); *800 Adept, Inc. v. Murex Sec., Ltd.*, 6:02-CV-1354-ORL28DA, 2006 WL 2228925, at *10 n.3 (M.D. Fla. Aug. 3, 2006) ("Plaintiff improperly attempts to incorporate by reference arguments presented in other documents. . . . This practice is prohibited . . . ."); *Zurich Am. Ins. Co. v. S.-Owners Ins. Co.*, 314 F. Supp. 3d 1284, 1303 n.10 (M.D. Fla. 2018) ("[I]ncorporation by reference is inappropriate."), *vacated on other grounds "to facilitate settlement*,*"* 2020 WL 1884708 (M.D. Fla. Jan. 9, 2020); *see also Deforest v. Johnny Chisholm Glob. Events*, LLC, 3:08-cv-498, 2010 WL 1792094, at *5 n.12 (N.D. Fla. May 4, 2010) ("Plaintiff did not seek leave of court to incorporate the arguments of one motion into another motion, which in any event is a practice courts of this district rarely permit for reasons of

convenience as well as to enforce page-limitation restrictions."), *report and recommendation adopted*, 2010 WL 2278356 (N.D. Fla. June 4, 2010); *Lane v. United States*, 338 F. Supp. 3d 1324, 1341 n.12 (S.D. Ga. 2018) ("The Court . . . will not consider any arguments incorporated by reference because such arguments are nothing more than attempts to exceed the page limits set forth in this Court's local rules.").

Courts have also criticized the practice because it causes confusion and shifts the burden to the opposing party and the Court to determine what incorporated materials may or may not support its argument. *Zurich Am. Ins. Co.*, 314 F. Supp. 3d at 1303 n.10 ("Not only does [incorporation by reference] violate the Local Rules, but it puts the onus on the Court (and opposing party) to slog through . . . voluminous material to glean support for [its] argument." (citation omitted)); *Mobile Shelter Sys. USA, Inc.* 845 F. Supp. 2d at 1253 (recognizing that incorporating by reference improperly "foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced").

Here, Alight's "joinder" directly implicates the precise reasons that Courts in the Middle District of Florida do not allow the practice. Permitting Alight to incorporate another defendant's arguments would expand its page limit by dozens of pages—effectively doubling the size of its memorandum of law and adding over 100 exhibits and declarations—directly violating the Court's order limiting Alight's page limit to 35 pages. (Doc. 108).

Additionally, incorporating arguments made by a different defendant in the abstract would require Plaintiffs to sift through AHIC's 35-page motion and exhibits to decipher how each argument might (or might not) apply to Alight. Imposing such a burden on Plaintiffs at this late stage is prejudicial and would predictably lead to confusion where an incorporated

argument relied upon facts or evidence that were *not* incorporated or where an incorporated argument conflicts with Alight's own argument.  One obvious example is that AHIC and Alight do not even agree about the correct choice of law to apply to Plaintiffs' professional malpractice claim.  (*Compare* Doc. 122 at 31–33 & n.11 (AHIC stating that "Florida law applies to FRC's professional malpractice claim" and applying Florida law), *with* Doc. 120 at 12 n.7 (Alight stating that it "does not anticipate disagreement by Plaintiffs over the application of Illinois law as to the state law claims."), *and id.* at 31–33 (applying Illinois law to the professional malpractice claim)).  Accordingly, if Alight were permitted to incorporate AHIC's arguments, Plaintiffs would be forced to respond to diametrically conflicting choices of law, among other potentially conflicting arguments.

Furthermore, Alight's effort to "join" in AHIC's motion three weeks after the deadline for dispositive motions is untimely.  And to the extent that Alight's "Notice of Joinder" operates as a motion for leave to file an untimely motion for summary judgment, such a request requires a showing of excusable neglect.  See, e.g., FED. R. CIV. P. 6(b)(1)(B).  Among the primary considerations in the analysis of excusable neglect is prejudice to the opposing party, which "need not be 'particularly pronounced' to deny a motion for relief."  *Waxman v. Equitable Life Assur. Soc'y of U.S.*, 07-80942-CIV, 2008 WL 2047881, at *2 (S.D. Fla. May 13, 2008) (quoting *In re World Wide Web Systems, Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003)).

Alight makes no effort to establish excusable neglect, and Plaintiffs would be substantially prejudiced because Alight's "Notice of Joinder" was filed over three weeks after Plaintiffs' began drafting its response to Alight's motions for summary judgment, which is due next Wednesday, January 6, 2021.  Accordingly, to the extent the Court construes Plaintiffs'

"Notice of Joinder" (Doc. 147) as a request for leave to increase page limits and to file a motion for summary judgment three weeks after the deadline, Alight has failed to show excusable neglect or good cause, and the request should be denied.

Alternatively, to the extent Alight's "Notice of Joinder" effected an incorporation of AHIC's arguments into Alight's motion, Plaintiffs request clarification from the Court as to the scope of Alight's motion so Plaintiffs may seek appropriate leave for additional pages and time to formulate its response to Alight's drastically expanded motion for summary judgment.

### III. Conclusion

For the foregoing reasons, Alight should not be permitted to belatedly incorporate by reference arguments from AHIC into its motion for summary judgment.

Dated: December 30, 2020.

                                        Respectfully submitted,

                                        /s/ Frederick S. Wermuth
                                        Taylor F. Ford
                                        Florida Bar No.: 0041008
                                        Frederick S. Wermuth
                                        Florida Bar No.: 0184111
                                        Kimberly D. Healy
                                        Fla. Bar No. 0576611
                                        Robyn M. Kramer
                                        Florida Bar No.: 0118300
                                        Dustin Mauser-Claassen
                                        Florida Bar No.: 0119289
                                        KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
                                        P.O. Box 1631
                                        Orlando, FL 32802-1631
                                        Telephone: (407) 422-2472
                                        Facsimile: (407) 648-0161
                                        tford@kbzwlaw.com
                                        fwermuth@kbzwlaw.com
                                        khealy@kbzwlaw.com
                                        rkramer@kbzwlaw.com
                                        dmauser@kbzwlaw.com

-8-

*Counsel for Plaintiffs Foundation Resolution Corp., f/k/a Citrus Memorial Health Foundation Inc. and its Pension Committee*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on December 30, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No.: 0184111