## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA OCALA DIVISION

| | |
|---|---|
| FOUNDATION RESOLUTION CORP., f/k/a Citrus Memorial Health Foundation Inc., and FOUNDATION RESOLUTION CORP. PENSION COMMITTEE, as an administrator of the Citrus Memorial Health Foundation, Inc. Pension Plan,<br><br>      Plaintiffs,<br>v.<br><br>AON HEWITT INVESTMENT CONSULTING, INC., f/k/a Hewitt EnnisKnupp, Inc. and ALIGHT SOLUTIONS LLC, f/k/a Hewitt Associates LLC,<br><br>      Defendants. | Case No.: 5:18-cv-458-Oc-30PRL<br><br>**Oral Argument Requested** |

## DEFENDANT AON HEWITT INVESTMENT CONSULTING, INC.'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION OF MARCH 10, 2021

# **TABLE OF CONTENTS**

Page

BACKGROUND ............................................................................................................................1

ARGUMENT .................................................................................................................................2

I.     Professor Smetters' Late Opinions Concerning AHIC's Purported Breach Of A Duty Of Loyalty Should Be Excluded. .....................................................................2

       A.    Professor Smetters' Late-Disclosed Opinion That AHIC Violated Its Duty Of Loyalty Should Be Excluded. ......................................................................4

       B.    Professor Smetters' Late-Disclosed Opinion And Analysis In His Purported "Supplement" Should Be Excluded. ......................................................6

II.    The Magistrate Judge Erred In Recommending A Finding That Plaintiffs Have Standing To Bring Claims Under ERISA. .................................................................9

REQUEST FOR ORAL ARGUMENT ........................................................................................13

CONCLUSION ............................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beauregard v. Continental Tire N. Am.,*
  2009 WL 1011121 (M.D. Fla. April 15, 2009) ............................................... 7

*Brundle ex rel. Constellis ESOP v. Wilmington Tr., N.A.,*
  919 F.3d 763 (4th Cir. 2019), *as amended* (Mar. 22, 2019) ............................ 12

*Carmody v. State Farm Mut. Auto. Ins. Co.,*
  2015 WL 2169226 (S.D. Fla. May 8, 2015) ..................................................... 3

*Celotex Corp. v. Catrett,*
  477 U.S. 317 (1986) ........................................................................................ 9

*Chao v. Merino,*
  452 F.3d 174 (2d Cir. 2006) .......................................................................... 12

*Cooper v. Southern Co.,*
  390 F.3d 695 (11th Cir. 2004) ......................................................................... 4

*Coward v. Forestar Realty, Inc.,*
  282 F. Supp. 3d 1317 (N.D. Ga. 2017) ........................................................... 5

*Ellis v. England,*
  432 F.3d 1321 (11th Cir. 2005) ....................................................................... 9

*Elwood v. AT&T Umbrella Ben. Plan No. 1-AT & T Disability Income
  Program,*
  2010 WL 3259710 (M.D. Fla. Aug. 16, 2010), *aff'd sub nom.
  Elwood v. AT&T, Inc.,* 427 F. App'x 709 (11th Cir. 2011) ............................... 9

*Florence v. Novo Nordisk, Inc.,*
  569 F. App'x 906 (11th Cir. 2014) .................................................................. 2

*Goodbys Creek, LLC v. Arch Ins. Co.,*
  2009 WL 1139575 (M.D. Fla. April 27, 2009) ............................................... 7

*Mass. Mut. Life Ins. Co. v. Russell,*
  473 U.S. 134 (1985) ...................................................................................... 10

*Mobile Shelter Sys., Inc. v. Grate Pallet Sols., LLC,*
  845 F. Supp. 2d 1241 (M.D. Fla. Jan. 14, 2012) ............................................. 5

*Perez v. Bruister,*
  823 F.3d 250 (5th Cir. 2016) ................................................................... 12

*Thole v. U. S. Bank N.A,*
  140 S. Ct. 1615 (2020) ................................................................. 10, 11, 13

**Statutes and Rules**

28 U.S.C. § 636(b)(1) ................................................................... 1, 2, 9

Employee Retirement Income Security Act of 1974 ..................................... *passim*

Fed. R. Civ. P. 26 ................................................................................. 3, 6, 7

Fed. R. Civ. P. 37 ................................................................................. 3, 4, 7

Fed. R. Civ. P. 56 ............................................................................................ 9

Fed. R. Civ. P. 72 ................................................................................. 1, 2, 9

This Court should reject the erroneous findings of fact and law in the Report and Recommendation ("Report") issued on March 10, 2021, by Magistrate Judge Philip R. Lammens. (Dkt. 214.) Pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), AHIC objects to the Report in its entirety, and specifically to (i) the Magistrate Judge's recommendation that this Court deny AHIC's motion to exclude the late opinions and "Supplement" report of Kent Smetters, (Dkt. 119), and (ii) the Magistrate Judge's recommended finding that Plaintiffs have standing to bring claims in this action under the Employee Retirement Income Security Act of 1974 ("ERISA").[1]

## BACKGROUND

Plaintiffs' claims arise out of a comprehensive set of pension plan termination services provided by then-subsidiaries of Aon plc. AHIC, a registered investment advisor, provided investment management services to Plaintiffs as a part of that set of services. Plaintiffs initiated this action in August 2018. (Dkt. 1.)

On November 30, 2020, after full discovery had been completed, AHIC moved to exclude the expert reports and testimony of Kent Smetters and D. Patrick McDonald (Dkts. 118, 119), and also moved for summary judgment on Count I of the complaint—which alleges breach of fiduciary duty—on the basis that Plaintiffs lack standing to bring claims under ERISA in this action (Dkt. 122). On February 10, 2021, the Court heard oral argument on AHIC's motions. (Dkt. 198.) On March 10, 2021,

---

[1] Defined terms have the same meaning as in the Report.

Magistrate Judge Lammens issued his Report. (Dkt. 214.) He recommended that the Court deny AHIC's motions to exclude the expert reports and testimony of Plaintiffs' experts, (*id.* at 13–15), and, because he concluded that Plaintiffs have standing to bring claims under ERISA in this action, recommended that the Court deny AHIC's motion for summary judgment (*id.* at 19–21). Both of those recommendations resulted from an incorrect analysis of the relevant facts and law.

## ARGUMENT

The Magistrate Judge's recommendations regarding Professor Smetters' untimely opinions and Plaintiffs' standing arise from an incorrect analysis of the relevant facts and law, and should be rejected.[2]

**I.    Professor Smetters' Late Opinions Concerning AHIC's Purported Breach Of A Duty Of Loyalty Should Be Excluded.**

When a party objects to a magistrate judge's order on a non-dispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636 (b)(1)(A); *see also Florence v. Novo Nordisk Inc.*, 569 F. App'x 906, 909 (11th Cir. 2014).

In its motion to exclude the expert reports and testimony of Kent Smetters, (Dkt. 119), AHIC detailed several deficiencies with Professor Smetters' expertise and

---

[2] The Report also concluded that factual issues appropriate for trial precluded granting AHIC's motion for summary judgment, and that AHIC's challenges to Plaintiffs' experts' credentials and opinions went to weight rather than admissibility. AHIC also disagrees with these conclusions, and will challenge them at trial.

involvement in this litigation.  Among its arguments, AHIC sought to exclude Professor Smetters' opinion and "Supplement" concerning AHIC's alleged breach of the duty of loyalty, which arrived long after the Court-imposed deadline for such disclosures. (Dkt. 119 at 19–22.) As AHIC explained in its motion, the Federal Rules of Civil Procedure prohibit such tardiness, and here, Professor Smetters' late disclosures were prejudicial. (*Id.*) The Magistrate Judge's recommendation that this Court permit them was clearly erroneous; the Court should exclude them.[3]

In the Eleventh Circuit, "[t]he law is well-settled that district courts have broad discretion to exclude expert witness testimony that is untimely or fails to satisfy the procedural requirements of Rule 26(a)(2)." *Carmody v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 2169226, at *2 (S.D. Fla. May 8, 2015) (citing *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1315 (11th Cir. 2014)). Rule 26(a)(2)(B) provides that the disclosure of retained expert testimony "must be accompanied by a written report—prepared and signed by the witness." "The report must contain," among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

---

[3] Although, here, AHIC is specifically objecting to the Report's allowance of Professor Smetters' late disclosures, the entirety of Professor Smetters' opinions and reports remains inadmissible for the reasons explained in AHIC's motion. (Dkt. 119.)

3

Fed. R. Civ. P. 37(c)(1).  The Eleventh Circuit has recognized that "the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise," and that, as a result, "compliance with the requirements of Rule 26 is not merely aspirational."  *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004).

Pursuant to the Court's scheduling order (Dkt. 89), Plaintiffs disclosed Professor Smetters' report on August 14, 2020.  (Dkt. 119 at 20.)  AHIC made timely expert disclosures on September 25, 2020, and then deposed Professor Smetters on October 15, 2020.  (*Id.*)  Professor Smetters unveiled a new opinion during his deposition, and then, on November 19, 2020, FRC disclosed a purported "Supplement," a revised model, and six additional counter-factual models.  (*Id.*)  This disclosure was three months after the deadline set by the Court for Plaintiffs' expert disclosures, two months after the deadline for Defendants' disclosures, more than a month after Professor Smetters' deposition, and nearly three weeks after the close of discovery.  Plaintiffs' delay in making these disclosures was unjustified and prejudicial, as it prevented AHIC from deposing Professor Smetters on his new opinion and models.

A. **Professor Smetters' Late-Disclosed Opinion That AHIC Violated Its Duty Of Loyalty Should Be Excluded.**

At his deposition on October 15, 2020, two months after the deadline for Plaintiffs' expert disclosures, Professor Smetters opined for the first time that AHIC "probably did violate [its] duty of loyalty."  (Dkt. 119, Ex. B (Smetters Dep. Tr. 275: 10–13).)  He conceded that he "did not reach" an opinion concerning AHIC's

purported breach of its duty of loyalty in his report (*id.* at 273:23–274:7), and that he did not "recall ever using the words duty of loyalty" in his report (*id.* at 276:9–12). He testified that he reached his opinion concerning AHIC's putative breach of a duty of loyalty after reviewing AHIC's expert report and going "through more documentation." (*Id.* at 238:19-24.)

The late disclosure of this opinion is prejudicial to AHIC, because it precluded rebuttal by AHIC's experts and the opportunity to depose Professor Smetters on his new opinions. Under the Court's scheduling order, AHIC's expert disclosures were due more than a month after FRC's, which provided AHIC with an opportunity to respond to FRC's experts' opinions. (Dkt. 89.) Professor Smetters' late disclosure deprived AHIC of that opportunity. *Mobile Shelter Sys., Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. Jan. 14, 2012) (excluding late disclosure of new expert opinions that deprived opponent of disclosing an expert on the same issues). In addition, the fact that the new opinion was disclosed during a deposition deprived AHIC "of the time needed to fully comprehend the expert's opinions and satisfactorily prepare an effective cross examination of the expert." *Id.* at 1251 (noting that disclosure of new expert opinions the day before the deposition is prejudicial).[4] Accordingly, any opinion by Professor Smetters regarding AHIC's duty of loyalty should be excluded as untimely. The Magistrate Judge did not address or analyze the

---

[4] Professor Smetters' late-disclosed opinion also is not a proper rebuttal opinion because it is new, and is not offered as a response to AHIC's disclosed expert opinion. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii); *Coward v. Forestar Realty, Inc.*, 282 F. Supp. 3d 1317, 1330-31 (N.D. Ga. 2017).

timeliness of that opinion by Professor Smetters at all. (*See* Dkt. 214 at 13–14.) As a result, his recommendation that the Court permit Professor Smetters' late opinion regarding AHIC's duty of loyalty is clearly erroneous and should be rejected.

      **B.    Professor Smetters' Late-Disclosed Opinion And Analysis In His Purported "Supplement" Should Be Excluded.**

FRC's disclosure of the "Supplement" to Professor Smetters' report containing new and rebuttal opinions, a revised model, and six counter-factual models, was disclosed on November 19, 2020, more than three months after the deadline to serve expert reports. (Dkt. 119 at 20.) It is improper and should be excluded for three independent reasons.

*First*, the Court's scheduling order required FRC to disclose all Rule 26(a)(2) expert reports by August 14, 2020. The Court's order did not permit either party to serve supplemental or rebuttal reports, and FRC never sought leave from the Court to serve additional, supplemental, or rebuttal reports.

*Second*, Professor Smetters' late-disclosed "Supplement" and new models include new opinions outside of the "complete statement of all opinions" that was to be disclosed in August 2020. *See* Fed. R. Civ. P. 26(a)(2)(B)(i). FRC's failure to disclose these opinions in August is neither "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). FRC had more than adequate time to prepare a comprehensive expert report on every issue it desired before the August 14, 2020 deadline. Permitting FRC to rely on late-disclosed opinions at this late stage deprives AHIC of the opportunity to rebut those opinions through its own experts or depose Professor

Smetters on his new opinions. *See Mobile*, 845 F. Supp. 2d at 1250–51.

Plaintiffs have insisted that Professor Smetters' revised model was offered as a supplement under Rule 26(e). Even if it were a supplement, it came much too late. Rule 26(e) requires supplementation "in a timely manner." At his deposition on October 15, 2020, Professor Smetters stated that he had begun work on an alternative Python based model, and AHIC's counsel requested that the model be produced. FRC did not produce that model until more than a month later, after the close of discovery. And in any event, the November 19, 2020 disclosure cannot credibly be considered a supplement. It does not simply supplement Professor Smetters' earlier analysis; it adds several new models. Rule 26(e) does not permit such sandbagging. *See Goodbys Creek, LLC v. Arch Ins. Co.*, 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009) (noting that Rule 26(e) does "not to grant any right to produce information in a belated fashion" (internal quotation marks omitted)). It likewise "does not cover failures of omission because the expert did an inadequate or incomplete preparation." *Id.*; *see also Beauregard v. Continental Tire N. Am., Inc.*, 2009 WL 1011121, at *3 (M.D. Fla. Apr. 15, 2009).

Plaintiffs have argued that Professor Smetters' purported "Supplement" was "invited" by AHIC's counsel. (Dkt. 150 at 18.) That is wrong. At his October 15, 2020 deposition, Professor Smetters stated that, upon reviewing AHIC's expert report, he had learned of a mistake in his calculations that skewed his results. (Dkt. 119-2 at 360:24–363:15.) As a result, he had begun work on a corrected model to "replicate these calculations" that were "copied from the other spread sheet [the original model]

7

by hand." (*Id.* at 364:6–18.) He predicted it would be "finished in a week or so," and said that he had not learned of any other errors in his model. (*Id.* at 364:14, 366:19–23.) Considering that, AHIC's counsel asked for the corrected model that Professor Smetters indicated would be finished in a week.[5] (*Id.* at 366:11–18.) Instead, Professor Smetters either took five weeks to prepare six new models and a "Supplement" to his report, or FRC chose to withhold those disclosures for a month, until after the close of discovery. (*See id.* at 360:24–363:23, 366:9–23.) Plaintiffs cannot paper over this blatantly tardy disclosure by labeling it a Rule 26(e) supplement.

*Third*, it is also too late to cure the prejudice AHIC will face should the Court permit FRC to rely on Professor Smetters' late-disclosed opinions and six additional models. In order to respond to these new opinions, AHIC would need to consult with its experts to prepare an appropriate rebuttal to the so-called "Supplement." With the case set for trial in April 2021, completion of a rebuttal to new opinions offered well after the close of discovery would be onerous. Because compliance with Rule 26, and this Court's scheduling orders, is not aspirational, and the late disclosure of Professor Smetters' "Supplement" and new models is neither substantially justified nor harmless, the Court should exclude them.

In light of this, the Magistrate Judge's conclusion that FRC's "late disclosure was not prejudicial to AHIC, since it was prepared in direct response to criticisms

---

[5] Counsel reiterated at the end of the deposition that his understanding of Professor Smetters' testimony was that his Python-based model would not deviate from his original model in any way that would impact his report. (Dkt. 119-2 at 389:19–22.)

8

raised by AHIC's expert and Plaintiffs offered Dr. Smetters for another deposition," (Dkt. 214 at 14), is clearly erroneous. Because Professor Smetters' "Supplement" was plainly untimely and uninvited, the Court should exclude it.

**II.     The Magistrate Judge Erred In Recommending A Finding That Plaintiffs Have Standing To Bring Claims Under ERISA.**

This Court conducts a de novo review of any part of the magistrate judge's summary judgment disposition that is properly objected to. Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1)(C). Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Which facts are material depends on the substantive law applicable to the case." *Elwood v. AT&T Umbrella Ben. Plan No. 1-AT & T Disability Income Program*, 2010 WL 3259710, at *1 (M.D. Fla. Aug. 16, 2010), *aff'd sub nom. Elwood v. AT&T, Inc.,* 427 F. App'x 709 (11th Cir. 2011). The moving party bears the initial burden of proving the absence of any genuine dispute of material fact, which must have a real basis in the record. *Id*. "[M]ere conclusions and unsupported factual allegations are legally insufficient" to avoid summary judgment. *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005). But, once the moving party establishes that it has met its burden, the burden shifts to the non-moving party to prove the existence of a genuine issue for trial. *Elwood*, 2010 WL 3259710, at *2. To do so, the non-moving party "must then go beyond the pleadings" and "designate specific facts" establishing a genuine dispute. *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986)).

In Count I of its complaint, FRC alleges that AHIC owed and breached a fiduciary duty to the Plan under ERISA. In its motion for summary judgment, AHIC explained that Plaintiffs lack standing to bring this claim under ERISA. (Dkt. 122 at 12–13.) Nevertheless, the Magistrate Judge recommended a finding that Plaintiffs do have such standing. (Dkt. 214 at 21.) The Court should reject that recommendation and hold that, considering the undisputed evidence that the Plaintiffs have no concrete interest in the outcome of this lawsuit, Plaintiffs lack standing to bring a breach of fiduciary duty claim against AHIC under ERISA.

As AHIC's motion emphasized, ERISA's fiduciary duty provisions do not authorize recovery for losses to FRC as the Plan's sponsor or as a fiduciary; those provisions only authorize recovery for losses to plans. (Dkt. 122 at 12); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985); *see also* 29 U.S.C. § 1109 (stating that plan fiduciaries are liable to the plan for "losses to the plan resulting from [fiduciary] breach"). ERISA's drafters "were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan." *Mass. Mut.*, 473 U.S. at 142. "Congress did not intend [§ 409] to authorize any relief except for the plan itself." *Id.* at 144.

Because FRC is purporting to bring claims on behalf of the Plan, for FRC to have standing, the Plan must have a "concrete stake in the lawsuit." *Thole v. U. S. Bank N.A*, 140 S. Ct. 1615, 1619 (2020). Here, FRC has no such stake in this action. In *Thole*, plan participants lacked standing because winning or losing their suit "would not change the plaintiffs' monthly pension benefits," meaning they could not show a

10

concrete injury to the ERISA plan in which they participated. *Id.* at 1619–22. The facts developed during discovery showed that there is no dispute that Plan participants have received all the benefits to which they are or ever will be entitled under the Plan; the outcome of this lawsuit has no implications for them. (Dkt. 123, Amert Decl., Ex. 9, Ressler Dep. Tr. 110:4-10; *Id.*, Ex. 5, Chadwick Dep. Tr. 193:4-7.) And Plaintiffs were unable to identify any other way that the Plan itself would be affected by the outcome of this lawsuit.

The Magistrate Judge mistakenly focused his analysis on a loan that the Plan agreed to take out in December 2016. (Dkt. 214 at 20.) As the undisputed factual record showed, in December 2016, the Plan had a funding deficit. (Dkt. 122 at 10.) Rather than use available funds in the pension escrow account to address that deficit, FRC, in its Pension Committee's capacity as Plan Administrator for the Plan, caused the Plan to take out a loan for $17.4 million. (*Id.*) The terms of that loan required FRC to participate in this lawsuit and gave the lender complete control over it. (*Id.*)

The Magistrate Judge accepted Plaintiffs' flawed argument that the non-monetary obligations imposed on them under that loan—"participat[ion] in this lawsuit and cooperat[ion] with records requests"—are a sufficiently concrete injury to confer standing on them. (Dkt. 162 at 10–12; Dkt. 214 at 19-21.) He reached this conclusion even though Plaintiffs have never explained how FRC's decision to structure the funding as a loan, rather than an employer contribution, made any difference to the Plan at all. No authority supports that conclusion. Plaintiffs' cases do not address standing; they address the role that debt plays in the calculation of

11

damages. *See Brundle ex rel. Constellis ESOP v. Wilmington Tr., N.A.*, 919 F.3d 763, 782–83 (4th Cir. 2019), *as amended* (Mar. 22, 2019) (affirming damages award where debt reduced participants' stock price by "tens of millions of dollars"); *Chao v. Merino*, 452 F.3d 174, 184–85 (2d Cir. 2006) (holding contributions to a plan did not offset embezzlement losses where some plan beneficiaries were left unpaid); *Perez v. Bruister*, 823 F.3d 250, 270–71 (5th Cir. 2016) (holding that unpaid or forgiven debt that precluded making "other, more fruitful investments" did not offset damages). In this action, Plaintiffs have not asserted that the loan is a measure of, or relates at all to, their damages. Plaintiffs' cases do not support their novel argument that loan obligations unrelated to damages can confer standing in a lawsuit where a plan has no stake in the outcome. (Dkt. 162 at 10–12.) Because the Plan has no "concrete stake in this suit," summary judgment is warranted. *Thole*, 140 S. Ct. at 1620.

Moreover, even if FRC could assert these claims on its own behalf—and it cannot—discovery has shown that the outcome of this lawsuit has no implications for Plaintiffs either. FRC is contractually bound to continue this lawsuit under its loan agreement with CCHB, but has no stake in the outcome. (Dkt. 123, Amert Decl., Ex.5, Chadwick Dep. Ex. 78.) Although FRC is unclear on who would receive any damages recovered in this lawsuit, it appears any recovery would go to third-party charitable organizations. (*Id.*, Ex. 5, Chadwick Dep. Tr. 191:10-193:2; *Id.*, Ex. 9, Ressler Dep. Tr. 108:3-110:10.)

As AHIC's motion explained, neither the Plan nor Plaintiffs have suffered any concrete injury. The Magistrate Judge should have concluded that Plaintiffs lack

12

standing to assert claims for breaches of ERISA's fiduciary duties and recommended that, on that basis, AHIC is entitled to summary judgment on Count I.

### REQUEST FOR ORAL ARGUMENT

AHIC requests oral argument of 30 minutes per side on these Objections.

### CONCLUSION

For these reasons, the Court should reject the findings and recommendations of the Magistrate Judge and enter an order excluding any opinion by Professor Smetters regarding whether AHIC breached a duty of loyalty and excluding the documents comprising his late "Supplement," and enter summary judgment in favor of AHIC on Count I.

Date: March 24, 2021

/s/ *Craig C. Martin*
Craig C. Martin
Amanda S. Amert
Matthew J. Thomas
Aaron J. Hersh
Samantha M. Glass
Sara Kim
Willkie Farr & Gallagher
300 North LaSalle
Chicago, IL 60654-3456
Telephone: (312) 728-9000
Facsimile: (312) 728-9199
cmartin@willkie.com
aamert@willkie.com
mthomas@willkie.com
ahersh@willkie.com
sglass@willkie.com
skim@willkie.com

Respectfully submitted,

Stephanie L. Miner
Willkie Farr & Gallagher
1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1277
Facsimile: (202) 303-2277
sminer@willkie.com

Paul M. Sisco
The Law Office of Paul M. Sisco
201 E. Kennedy Blvd.
Suite 412
Tampa, Florida 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392
psisco@paulsiscolaw.com

*Attorneys for Defendant Aon Hewitt Investment Consulting, Inc.*

13

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2021, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's ECF system, on all counsel registered to receive electronic notices.

/s/ *Craig C. Martin*
Craig C. Martin