# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA OCALA DIVISION

| | |
|---|---|
| FOUNDATION RESOLUTION CORP., f/k/a Citrus Memorial Health Foundation Inc., and FOUNDATION RESOLUTION CORP. PENSION COMMITTEE, as an administrator of the Citrus Memorial Health Foundation, Inc. Pension Plan,<br><br>    Plaintiffs,<br>v.<br><br>AON HEWITT INVESTMENT CONSULTING, INC., f/k/a Hewitt EnnisKnupp, Inc. and ALIGHT SOLUTIONS LLC, f/k/a Hewitt Associates LLC,<br><br>    Defendants. | Case No.: 5:18-cv-458-Oc-30PRL |

## DEFENDANT AON HEWITT INVESTMENT CONSULTING, INC.'S RULE 52(c) MOTION FOR JUDGMENT ON PARTIAL FINDINGS

Pursuant to Fed. R. Civ. P. 52(c), Aon Hewitt Investment Consulting, Inc. ("AHIC") respectfully moves for judgment denying Plaintiffs' Count I against AHIC. Plaintiffs have been "fully heard" on the issues underlying AHIC's alleged violation of ERISA within the meaning of Rule 52(c). Based on the absence of evidence essential to support Count I, this Court should find against Plaintiffs and enter judgment against Plaintiffs under Rule 52(c) with respect to Count I.

## MEMORANDUM OF LAW IN SUPPORT

Under Fed. R. Civ. P. 52(c), "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can

be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 52(c). Having rested, Plaintiffs have been "fully heard" on the issue of AHIC's alleged liability under Count I.

In support of this motion, AHIC states that this Court should find the following from the evidence adduced during Plaintiffs' case.

*First*, Plaintiffs have not established that they have standing because neither FRC nor the Plan at issue have any stake in the outcome of the lawsuit.

*Second*, Plaintiffs have not proven ascertainable or reasonably calculable damages, for several reasons:

a) Plaintiffs' damages calculations are unreliable because they rest on opinions that in turn rely on "assumptions" that did not come to pass with the benefit of hindsight. *See In Sun Ins. Mktg. Network, Inc. v. AIG Life Ins. Co.*, 254 F. Supp. 2d 1239, 1249 (M.D. Fla. 2003) (Moody, J.).

b) Plaintiffs have failed to allocate damages to specific counts and parties. Plaintiffs allege only Count I against AHIC. Am. Compl., ECF No. 64, ¶¶ 101–108. Plaintiffs allege Counts II, III, and IV against Alight Solutions LLC ("Alight"). *Id.* ¶¶ 109–129. Yet, Plaintiffs have alleged damages as to multiple Counts against AHIC, and have failed to provide evidence to support any allocation of those damages against AHIC. Day 1 Tr. 13:22–15:14.

c) The Master Consulting Agreement ("MCA") provides that AHIC's "liability will not exceed the percentage share that its breach of fiduciary duty bears to the total breach of fiduciary breach, if any, of Client and/or other employees

and/fiduciaries." JX13, Schedule 1, § 7(a) at FRC0000763.  The evidence thus far demonstrates that FRC and its prior fiduciaries breached their duties to the Plan—PFM Advisors failed to provide FRC with a reasonable Investment Policy Statement ("IPS") for an underfunded plan entering termination, and FRC and failed to allocate Plan assets in a manner appropriate for an underfunded plan entering termination. Plaintiffs have not accounted for the percentage share of those breaches in their damages calculations.  Indeed, Plaintiffs' own economic and finance expert conceded that Aon "inherited" a poor investment allocation and that the May 6, 2014 IPS prepared by FRC's incumbent investment advisor was a "really bad idea." Day 3 Tr. 141:24–143:2.  Additionally, the MCA provides that the FRC Pension Committee is to provide "all Client Information in Client's control necessary" to perform services under the MCA;  is "responsible for the accuracy and completeness of any and all Client Information submitted"; and to provide notification "as soon as possible of any problems or errors in Client Information submitted." JX13, § 7(b) at FRC0000756. Given the time it took FRC to gather this information, FRC relayed to AHIC that it was "comfortable pushing the [investment] transition out to January" 2015.  Day 4 Tr. 207:4–24; *see* AHIC_DX00100-002.

*Third,* Plaintiffs have not proven that AHIC breached any fiduciary duty under ERISA.  To prevail on their claim that AHIC breached its duty of prudence, Plaintiffs bear the burden of demonstrating that breach.  *Dupree v. Prudential Ins. Co. of Am.*, No. 99-8337-CIV-JORDAN, 2007 WL 2263892, at *37 (S.D. Fla. Aug. 7, 2007), *as amended*

(Aug. 10, 2007). The evidence shows that AHIC acted reasonably and prudently at all times. Day 4 Tr. 179:10–215:18.

WHEREFORE, AHIC respectfully requests that the Court enter Final Judgment in AHIC's favor on Count I.

Date: April 16, 2021

/s/ *Craig C. Martin*
Craig C. Martin
Amanda S. Amert
Matthew J. Thomas
Aaron J. Hersh
Samantha M. Glass
Sara Kim
Willkie Farr & Gallagher
300 North LaSalle
Chicago, IL 60654-3456
Telephone: (312) 728-9000
Facsimile: (312) 728-9199
cmartin@willkie.com
aamert@willkie.com
mthomas@willkie.com
ahersh@willkie.com
sglass@willkie.com
skim@willkie.com

Respectfully submitted,

Stephanie L. Miner
Willkie Farr & Gallagher
1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1277
Facsimile: (202) 303-2277
sminer@willkie.com

Paul M. Sisco,
The Law Office of Paul M. Sisco
201 E. Kennedy Blvd.
Suite 412
Tampa, Florida 33602
Telephone: (813) 225-1988
Facsimile: (813) 225-1392
psisco@paulsiscolaw.com

*Attorneys for Defendant Aon Hewitt Investment Consulting, Inc.*

- 5 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2021, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's ECF system, on all counsel registered to receive electronic notices.

*/s/ Craig C. Martin*
Craig C. Martin