UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

FOUNDATION RESOLUTION CORP.,
f/k/a Citrus Memorial Health
Foundation Inc., and FOUNDATION
RESOLUTION CORP. PENSION
COMMITTEE, as an administrator of the
Citrus Memorial Health Foundation, Inc.
Pension Plan,

    Plaintiffs,

  v.

AON HEWITT INVESTMENT
CONSULTING, INC., f/k/a Hewitt
EnnisKnupp, Inc.; and ALIGHT
SOLUTIONS LLC, f/k/a Hewitt
Associates LLC,

    Defendants.

Case No. 5:18-cv-00458-JSM-PRL

**DEFENDANT ALIGHT SOLUTIONS, LLC'S MOTION FOR JUDGMENT ON PARTIAL FINDINGS AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Alight Solutions, LLC ("Alight"), respectfully moves the Court for judgment in its favor pursuant to Fed. R. Civ. P. 52(c). Plaintiffs have completed presentation of their evidence and have been fully heard on their claims. They have failed to demonstrate any liability on Alight's part. Accordingly, Alight is entitled to judgment on partial findings as a matter of law.

## MEMORANDUM OF LAW

### I.  Introduction

The name "Alight" has been conspicuously absent throughout this trial. There has been no evidence as to liability or damages concerning as to Alight. Finally, the evidence has not established the requisite standing by Plaintiffs.

### II.  Legal Standard

Rule 52(c) provides, in relevant part:

> Judgment on Partial Findings. If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

In ruling on a Rule 52(c) motion, " the court does not view the evidence in the light most favorable to the nonmoving party, as it would in ... a Rule 50(a) motion for judgment as a matter of law; instead, it exercises its role as factfinder." *See Pinero v. 4800 W. Flagler L.L.C.,* 430 F. App'x 866, 868 (11th Cir. 2011) (citing *United States v. $242,484.00,* 389 F.3d 1149, 1172 (11th Cir. 2004) (en banc). The Rule 50(a) rubric requires the court to draw all inferences in the nonmoving party's favor, but Rule 52(c) has no such requirement. *See id.* Under Rule 52(c), "the court must weigh the evidence and may consider the witnesses' credibility." *See United*

*States v. $242,484.00*, 389 F.3d 1149, 1172 (11th Cir. 2004) (quoting *Chris Berg, Inc. v. Acme Mining Co.*, 893 F.2d 1235, 1238 n. 2 (11th Cir. 1990)).

### A. Plaintiffs Have Failed to Establish Their Prima Facie Case.

#### I. Plaintiffs Have No Evidence Establishing Alight's Liability.

Plaintiffs' witnesses have barely acknowledged Alight, much less credibly testified to any liability on its part. There has been no testimony or evidence that even approaches demonstrating liability or satisfying the elements of the claims against Alight.

#### II. Plaintiffs Have No Evidence of Causation or Damages.

While Plaintiffs allege they were harmed and arbitrarily claim they are entitled to $12 million damage as a result of investment losses, this has nothing to do with Alight. The evidence does not demonstrate any damages connected to Alight.

#### III. Plaintiffs have Not Demonstrated Standing.

The evidence is now undisputed that Plaintiffs lack any stake in the outcome of the lawsuit. As a result, they lack standing to continue pursuing their claims.

For the foregoing reasons, Alight respectfully requests that this Court enter judgment as a matter of law in its favor and dismiss all claims against it.

Date: April 16, 2021                    Respectfully submitted,

/s/ Eric P. Mathisen
Eric P. Mathisen
Indiana Bar No. 19475-71
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
56 South Washington St., Suite 302
Valparaiso, IN 46383
Phone: (219) 242-8666
Fax:  (219) 242-8669
eric.mathisen@ogletree.com


/s/ Russell S. Buhite
Russell S. Buhite
Florida Bar No. 0831085
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA  98101
Phone:  (206) 693-7052
Fax:  (206) 693-7058
russell.buhite@ogletree.com

Attorneys for Defendant ALIGHT SOLUTIONS LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2021, I caused to be electronically filed the foregoing using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record:

Taylor F. Ford
tford@kbzwlaw.com

Frederick S. Wermuth
fwermuth@kbzwlaw.com

Robin M. Kramer
rkramer@kbzwlaw.com

Dustin Mauser-Claassen
dmauser@kbzwlaw.com

Craig C. Martin
cmartin@willkie.com

Amanda S. Amert
aamert@willkie.com

Matthew J. Thomas
mthomas@willkie.com

Aaron J. Hersh
ahersh@willkie.com

Samantha M. Glass
sglass@wllkie.com

Paul M. Sisco
psisco@paulsiscolaw.com

                                               */s/ Eric P. Mathisen*
                                               Eric P. Mathisen